UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE BELL,

        Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC., et al.,

        Defendants.

CASE NO. 2:19-cv-01727-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Donte Bell moves to strike the Fourth, Sixth, Seventh, Eighth, and Ninth affirmative defenses of Defendant Trans Union, LLC ("Trans Union"). Dkt. 30. Trans Union agreed to withdraw its Ninth Affirmative Defense prior to the filing of Plaintiff's motion. Dkt. 35 at 2, Exhibit B. Trans Union also agrees to withdraw "laches" from its Fourth affirmative defense (asserting Plaintiff's claims are barred by the equitable theories of estoppel, waiver and laches). *Id.* at 4 n.2.

For the reasons detailed below, the undersigned recommends granting the motion to strike in part, with leave to amend.

<u>BACKGROUND</u>

Plaintiff filed his original complaint October 25, 2019 (Dkt. 1) and an Amended Complaint on November 8, 2019. Dkt. 7. Trans Union filed its Answer to the Amended Complaint and Affirmative Defenses on November 22, 2019. Dkt. 14.

REPORT AND RECOMMENDATION - 1

Plaintiff's Amended Complaint is brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, for Trans Union's alleged reporting of inaccurate information and alleged failure to employ and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report. Dkt. 7. Plaintiff argues that Trans Union failed to allege a single fact pertinent to the affirmative defenses at issue. Plaintiff states that, in bringing this motion, he "seeks only to be appraised of the factual support for Trans Union's defenses in order that client resources may be more appropriate applied to issues of actual dispute in this case." Dkt. 30 at 5.

Trans Union contends that Plaintiff's purpose in bringing the motion has been satisfied as it provided Plaintiff with the specific and factual legal basis for the subject defenses in a six-page letter dated December 9, 2019. Dkt. 35 at 2, Ex. A ("12/9/19 Letter"). Plaintiff counters that the letter contains no additional facts or law to help him discern the nature and grounds for Defendant's affirmative defenses. Dkt. 37 at 6.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of affirmative defenses is to put the plaintiff "on notice that matters extraneous to his prima facie case are in issue." *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011) (citing *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *abrogated in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

"Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Rests.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id.*; *see also In re Wash. Mut., Inc. Secs. Derivative, & ERISA Litig.*, C08-1756MJP, 2011 WL 1158387, at *1 (W.D. Wash. Mar. 25, 2011) ("Detailed pleading is not necessary to give fair notice to the [p]laintiff under Rule 8(c) of the affirmative defense, given that the core factual circumstances are already well known to the parties."). *See also Bushbeck v. Chicago Tiel Ins. Co.*, 2010 WL 11442904 at *2 (W.D. Wash. Aug. 26, 2010) (heightened pleading standard of *Twombly* and *Iqbal* does not extend to the pleading of affirmative defenses). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826.

## DISCUSSION

A. <u>Fourth Affirmative Defense – Estoppel, Waiver and Laches</u>

*Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.*

As previously noted, Trans Union withdrew the affirmative defense of laches. Dkt. 35 at 4 n.2. Therefore, this portion of the Fourth Affirmative Defense is not at issue.

In its 12/9/19 letter, Trans Union provided the following explanation for the assertion of this affirmative defense:

> Plaintiffs Complaint alleges that the collection activity associated with the subject apartment rental debt began occurring in early October 2014. Therefore, under the equitable doctrines of estoppel, waiver and laches, Trans Union anticipates that the evidence in this case may likely demonstrate that Plaintiff "should have" known about Trans Union's alleged FCRA violation at a time outside the applicable statute of limitations period. Specifically, Trans Union's records indicate that the subject accounts first began reporting in 2015 and, therefore, Plaintiff is estopped from bringing a claim against Trans Union based on his apparent failure to take any steps to timely resolve the alleged reporting issues - either by way of disputes directly with Trans Union or through the underlying creditor and/or debt collector.

REPORT AND RECOMMENDATION - 3

Dkt. 35-2, Ex. A. Plaintiff argues that it is not possible for the FCRA claim to have arisen prior to that date because under 15 U.S.C. § 1681p, an action to enforce liability under the FCRA must be brought not later than "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability," and Plaintiff specifically alleged that he "checked his credit report" on May 9, 2019 and disputed with Trans Union on May 29, 2019. This argument however, goes to the merit of Trans Union's affirmative defense, not the sufficiency of the pleading, and is not appropriate for consideration on a motion to strike. *See Neveu v. City of Fresno*, 392 F. Supp. 2d. 1159, 1185 (E.D. Cal. 2005) (noting that "an argument on the merits ... is not appropriate on a Rule 12(f) motion to strike").

On the other hand, while the affirmative defense (as written) gives notice of the nature of Trans Union's defense, it fails to indicate the grounds for how waiver and/or estoppel apply. Arguably, the 12/9/19 letter satisfies Plaintiff's request for notice of the grounds of Trans Union's defense. Nevertheless, the undersigned recommends that Plaintiff's motion to strike Trans Union's Fourth Affirmative Defense (as to estoppel and waiver) be granted. It is further recommended that Trans Union be granted leave to amend to plead factual allegations supporting the application of estoppel and/or waiver defenses.

B.  Fifth Affirmative Defense – Failure to Mitigate

*Plaintiff has failed to take reasonable steps to mitigate his damages, if any.*

Plaintiff argues that this defense fails to put him on notice as to what actions he could or should have taken to mitigate the damages caused by Trans Union's alleged inaccurate reporting. Dkt. 30 at 8. Trans Union contends that, because Plaintiff has alleged certain damages, including loss of opportunities to obtain credit and emotional distress, Trans Union is within its rights to assert a failure to mitigate. Dkt. 35, 35-2, Ex. A. Trans Union also argues that Plaintiff's

REPORT AND RECOMMENDATION - 4

complaint is replete with examples of Plaintiff's actions and/or inactions that contributed to and/or specifically resulted in the delinquent Copper Ridge apartment debt, such as failure to timely pay rent and the subsequent eviction judgment. See, e.g., Dkt. 35 (citing Dkt. 7 (Amended Complaint), at ¶¶ 16-18, 21, 23, 27-28.

However as written, the affirmative defense does not provide Plaintiff with notice of the basis of his alleged failure to mitigate. Accordingly, the undersigned recommends striking Trans Union's Fifth Affirmative Defense, with leave to amend to plead factual allegations supporting application of this defense.

C.  Sixth Affirmative Defense

*Plaintiff's damages are the result of acts or omissions committed by Plaintiff.*

Trans Union contends that Rule 8(c)(1) expressly enumerates the affirmative defense of contributory negligence and further that actions taken by Plaintiff (which would already be known to him) that negate causation, or contribute thereto, provide a relevant defense. Again however, this defense fails to provide Plaintiff with notice of what acts or omissions he committed that resulted in his damages. Accordingly, the undersigned recommends that the motion to strike Trans Union's Sixth Affirmative Defense be granted, with leave to amend to plead factual allegations supporting application of this defense.

D.  Seventh Affirmative Defense

*Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control*

Trans Union has failed to provide fair notice to Plaintiff with this affirmative defense as it does not state who the "others" are or elaborate on any relevant conduct. *See Opico v. Convergent Outsourcing, Inc.*, 2019 WL 1755312 (W.D. Wash. 2019) (citing *Bonshahi v. Fedex Corp.*, No. C12-2471 TEH, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012) (granting motion

REPORT AND RECOMMENDATION - 5

to strike similar affirmative defense when defendants "fail[ed] to identify any such third parties or explain why the involvement of third parties relieve[d] them of liability").

Accordingly, the undersigned recommends Plaintiff's motion to strike Trans Union's Seventh Affirmative Defense be granted, with leave to amend to plead factual allegations to support application of this defense .

E.  Eighth Affirmative Defense

*Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.*

Trans Union argues that this affirmative defense is relevant because Plaintiff's claims arise out of his previous tenancy at Copper Ridge apartments (as detailed in his Amended Complaint), and Copper Ridge is not a party to this action. Dkt. 35 at 7. However, as written, the affirmative defense does not provide fair notice to Plaintiff because it does not identify the "non-parties to this action over whom Trans Union has no responsibility or control." *See*, *e.g.*, *Opico*, 2019 WL 1755312 at *3. Accordingly, the undersigned recommends that Trans Union's Eighth Affirmative defense be stricken, with leave to amend to plead factual allegations to support the application of this defense.

F.  Ninth Affirmative Defense

Trans Union agreed to withdraw this affirmative defense on December 12, 2019. Dkt. 352 at 2. Therefore, the Ninth Affirmative Defense is not at issue.

In summary, the undersigned recommends that "laches" be **stricken** from the Fourth Affirmative defense, Plaintiff's motion to strike the Ninth Affirmative Defense be **denied as moot**; Plaintiff's motion to strike the Fourth, Sixth, Seventh, and Eighth Affirmative Defenses be **granted, with leave to amend** to plead factual allegations as to the applications of these defenses. *See*, *e.g. Wyshak*, 607 F.2d at 826 (Where a court strikes an affirmative defense, leave

to amend should be freely given so long as there is no prejudice to the moving party). Given the stage of this litigation and Plaintiff's desire to avoid the expenditure of resources to seek out the factual support for Trans Union's defenses, there is no prejudice to Plaintiff in allowing Trans Union to amend it answer.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 28, 2020.** The Clerk should note the matter for **January 30, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed six (6) pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge