**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | | |
|---|---|---|
| DONTE BELL, | ) | Case No. 2:19-cv-01727-RAJ-BAT |
| | ) | |
| Plaintiff, | ) | Hon. Richard A. Jones |
| | ) | |
| v. | ) | Hon. Brian A. Tsuchida |
| | ) | |
| NATIONAL CREDIT SERVICES, INC.; ASSURANT, INC. (a/k/a SURE DEPOSIT); EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.  INTRODUCTION

Defendant National Credit Systems, Inc., (hereinafter, the "Defendant") respectfully objects to the Magistrate Judge's Report and Recommendation of October 14, 2020 ("R&R") [ECF 87]. In support thereof, the Defendant relies upon the responses and objections stated herein.

## II. STANDARD OF REVIEW

Any party may object to a Magistrate Judge's case-dispositive proposed order, findings, or recommendations. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Where a party files such written objections, the District Judge to whom the case is assigned is required to make a *de novo* determination upon the record of any portion of the Magistrate Judge's disposition to which specific written objection has been made. *McKeever v. Black,* 932 F.2d 795, 798 (9th Cir. 1991) *De novo* review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. *See Ness v. Comm'r of Internal Revenue Service,* 954 F.2d 1495, 1497 (9th Cir. 1992). Thus, the court's obligation is to arrive at its own independent conclusion about those

portions of the Magistrate Judge's findings or recommendations to which objections are made. *See United States v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989); *see also Nevada Power Company v. Monsanto Company,* 891 F. Supp. 1406, 1412 (D. Nev. 1995).

### III. THE DEFENDANT'S OBJECTIONS

**A. The Magistrate Judge's Recommendations.**

The Magistrate Judge recommended that this Court (1) deny the Defendant's Motion for Rule 11 Sanctions; and (2) grant the Plaintiff's request for attorneys' fees and costs for responding to Defendant's Motion for Rule 11 Sanctions. [ECF 87, Pgs. 11-14]. In reaching this conclusion, the Magistrate primarily analyzed the Second Amended Complaint, the Motion for Rule 11 Sanctions, Response, Reply, and all accompanying exhibits, and undertook an analysis of the Fair Credit Reporting Act Claims (the "FCRA" claims) at issue in this case. [ECF 87]. Importantly, the Magistrate also noted that the Defendant sought Rule 11 Sanctions as to the FCRA claims, and that the Defendant only sought Rule 11 Sanctions nearly a year after the filing of this suit. *Id.* at 11, 12. Defendant does not dispute the law cited by the Magistrate as to what would need to be proven to find a violation of the FCRA.

**B. No Credit Reports Exist and NCS Does not Report to Privacy Guard.**

However, the Magistrate has an entire analysis titled "1. Finding Inaccuracies in Credit Report" – such an analysis is impossible absent <u>credit reports.</u> [ECF 87, pg. 7]. Additionally, as pointed out in the Defendant's Motion for Rule 11 Sanctions and its Reply, the crux of what is at issue and what the Defendant has been trying to bring to light is that there are <u>*no credit reports available*</u> for anyone to analyze or rely upon, and therefore, it is impossible to find a violation of the FCRA. Dkt. 84-2, 3, 4, 5, and 7. The whole problem that the Defendant has had is that it has been attempting to communicate with Plaintiff's counsel – and Defendant's counsel has filed these email chains as exhibits to its motion and reply – to try and resolve this matter with the Plaintiff, and why this case is still going on, because the

Defendant **does not** credit report to Privacy Guard – who is not even a credit bureau - and reports with credit bureaus Trans Union, Equifax, or Experian **do not exist.**

These requests to the Plaintiff go unresponded to – even to this date. These facts are not even in dispute by the Plaintiff – and that is because they cannot dispute these facts. The Magistrate Judge incorrectly concluded that all records submitted by the Defendant were "unverified". In fact, Defendant submitted the verification submitted by the Plaintiff as to the production of documents and his very own responses to Defendants requests for production of documents. [ECF 84-7]. Defendant also submitted a signed declaration. [ECF 84-5]. This finding by the Magistrate is erroneous, and was wholly uncontroverted by the Plaintiff.

Furthermore, despite Defendant's numerous attempts to root out these FCRA claims, the Magistrate takes issue with Defendant's Motion for Rule 11 Sanctions filing nearly one year after the filing of the Second Amended Complaint – however, undersigned counsel represents that the delay in filing represents restraint, and not dilatory objectives. In fact, the parties have engaged in discovery over the course of this lawsuit, and the Defendant has had to give the Plaintiff the benefit of the doubt – choosing to not file motions to dismiss or other filings where it is clear that such a motion is inappropriate, and instead asking for discovery, or attempting to engage in casual discussions to resolve any purported issues. It is for that reason that a Rule 11 Motion could not be filed at the outset of litigation – but could only be filed once it was clear that this matter was being persisted by counsel – where they were advocating that this action was warranted by existing law or a non-frivolous argument - in the absence of any evidence whatsoever that the Defendant furnished "duplicative tradelines" because there is no existence of any credit reports from Trans Union, Equifax, or Experian from the time frame in question.

**C. NCS Did Not Act With Subjective Bad Faith In Bringing Its Motion for Rule 11 Sanctions.**

Lastly, the Magistrate erred in ordering sanctions under 28 U.S.C. § 1927. Importantly, in order to impose sanctions under § 1927, the Court must make a finding of "subjective bad faith" and that the sanctioned party "knowingly or recklessly raise[d] a frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d at 436. Because of this high standard, other judges in this District have cautioned that "[a]wards of attorney's fees under 28 U.S.C. § 1927 are not frequently made." *Wight v. Achieve Human Servs., Inc.*, 2012 WL 4359078 *2 (D. Ariz. Sept. 21, 2012). Here, the Court's Order does not contain any finding of subjective bad faith. Indeed, a finding of subjective bad faith would be inappropriate in connection with Defendant's Motion for Rule 11 Sanctions given that the Plaintiff has not been willing to engage in discussions regarding serious factual deficiencies which very likely wholly preclude their FCRA claims.

Indeed, even if Defendant does not prevail on its Motion for Rule 11 Sanctions, it did not file the same with subjective bad faith – quite the opposite. It is with a heavy heart that any attorney makes such an infrequent filing, and the record reflects the undersigned counsel's numerous attempts to try to resolve what it believes are the serious deficiencies in this matter. Having never received responses or explanations, and never intending to needlessly expand litigation, and only to resolve matters, perhaps mistakenly, given these undisputed facts, a finding of subjective bad faith would be inappropriate.

### Request for Relief

National Credit Systems, Inc. respectfully requests that the Court reconsider its award of attorneys' fees against National Credit Systems, Inc. and deny the request for the same. Attorneys' fees are not available or appropriate under 28 U.S.C. § 1927.

RESPECTFULLY SUBMITTED,

DATED: November 3, 2020 /s/ Katrina M. DeMarte (admitted *pro hac vice*)

Katrina M. DeMarte, Esq.
39555 Orchard Hill Pl. Ste 600; PMB 6338
Novi, MI 48375
T: (313) 509-7047
E: katrina@demartelaw.com
*Attorney for Defendant*
*National Credit Systems, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/Katrina M. DeMarte, Esq.