Dawn M. McCraw, WSBA #54543
Price law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com
Attorney for Plaintiff
Donte Bell

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| Donte Bell,<br><br>        Plaintiff,<br><br>vs.<br><br>National Credit Systems, Inc.; Assurant, Inc. (a/k/a Sure Deposit); Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC,<br><br>    Defendants. | Case No.: 2:19-cv-01727-RAJ-BAT<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

### I.    INTRODUCTION

Plaintiff hereby requests that this Court overrule Defendant's Objections to the Magistrate Judge's Report and Recommendation and adopt the well-reasoned opinion of Magistrate Judge Tsuchida. Plaintiff further requests that, in addition to the attorney's fees awarded to the Plaintiff by the Magistrate, this Court award attorney's fees for the time required to respond Defendant's current objections.

### II.    ARGUMENT

Continuing its pattern of deliberately wasting this Court and Plaintiff Donte Bell's ("Mr. Bell" or "Plaintiff") time, Defendant National Credits Systems, Inc. ("Defendant or "NCS") has filed objections to the well-reasoned and legally sound decision of Magistrate Judge Tsuchida in rejecting NCS's request for sanctions and in declining to treat NCS's motion as a motion to dismiss. Defendant's original motion was a nesting

1

doll of improperly presented arguments and documents. In essence, Defendant filed a motion for summary judgment (before the close of discovery, and twenty minutes *before* Plaintiff's deposition of NCS), masquerading as motion to dismiss (relying on a gigantic amount of unvetted documentary "evidence"), masquerading as a motion for sanctions (which failed to comply with the Fed. R. Civ. P.). This is clearly an inappropriate course of conduct, and the Magistrate was correct in awarding Plaintiff attorney's fees for the time required of Plaintiff to respond to the Defendant's spurious allegations and improper use of a Rule 11 motion.

"The standard under which the District Court reviews a Magistrate Judge's decision is a highly deferential one." *L.H. v. Schwarzenegger*, No. CIV. S-06-2042 LKK/GGH, at *11 (E.D. Cal. July 6, 2007). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. Fed.R.Civ.Pro. 72(a); *Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir. 2002); *Grimes v. City of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D. N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); see *Adolph Coors Co. v. Wallace, 570 F.Supp*. 202, 205 (N.D. Cal. 1983).

Defendant brought a "Motion for Attorneys' Fees, Costs and Sanctions" pursuant to Fed. R. Civ. P. 11. Doc. 82. In that motion, it sought not only sanctions and attorney's fees but dismissal of Mr. Bell's Second Amended Complaint (Doc. 59) in its entirety. As Magistrate Judge Tsuchida correctly noted, "NCS's decision to use a Rule 11 motion to legally attack the substance of Mr. Bell's entire complaint, while personally attacking Plaintiff and his counsel, was ill advised and reckless." Doc. 87 at 13. A rule 11 motion

is appropriate only in the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Fed. R. Civ. P. 11. See also *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). Thus, the inquiry here is not, and should not be, whether Plaintiff will or even whether he can ultimately prevail in proving his case; rather, the inquiry is whether the allegations in Plaintiff's complaint are an objectively unreasonable use of the Court system. As Magistrate Tsuchida correct stated:

> NCS's decision to cloak a motion to dismiss on the merits in the guise of a Rule 11 motion, does further violence to the purpose behind the FCRA ("to protect consumers against inaccurate and incomplete credit reporting…" *Gorman*, 584 F.3d at 1155–56), and fully realizes the Supreme Court's stated concern that Rule 11 motions "spawn satellite litigation and chill vigorous advocacy…". *Cooter & Gell*, 496 U.S. at 393.

Doc. 87 at 13-14.

Even now, in objecting to the Magistrate's ruling, Defendant seems to misapprehend the purpose of a Rule 11 sanctions motion. NCS spends the bulk of its objections arguing the merits of Plaintiff's allegations and case, based on a self-serving, unauthenticated version of the facts of the case, where the extrinsic documents would be unavailable to support a motion to dismiss in any event. If NCS wished to assert that Plaintiff's allegations are insufficient to support his claims even if proven to be true, NCS could have filed a motion to dismiss. It did not. If NCS wished to assert that the evidence does not support the allegations and Plaintiff thus cannot prove his case, NCS could file a motion for summary judgment. It has not.

Even as NCS states that it does "not dispute the law cited by the Magistrate as to what would need to be proven to find a violation of the FCRA," [Doc. 89 at 2], it continues to argue the merits of Plaintiff's allegations and the existence or non-existence of evidence. That is *not* the purpose of a motion under Rule 11.

It appears from the initial motion for sanctions, NCS's reply brief in support of that motion, and the instant objections to the Magistrate's ruling, that Defendant believes it is entitled to have Plaintiff accept NCS's version of facts as true and demands that Plaintiff

3

"provide a basis for their continued efforts in this matter." Doc. 84 at 4. First, it is not Plaintiff, but NCS that continues to vexatiously multiply proceedings in this matter, again forcing Plaintiff to respond to another ill-conceived NCS filing. Second, the allegations in the complaint speak for themselves, as will the evidence when it becomes the appropriate time and place to present that evidence, including copies of Plaintiff's credit reports showing NCS's reporting exactly as alleged in his complaint. Defendant is not entitled to have the Plaintiff lay out in meticulous detail how he will someday prove his case, and the Defendant is certainly not entitled to sanctions and attorneys' fees because it believes Plaintiff did not give a detailed enough preview of his case.

Defendant's repeated contention that Plaintiff is wasting the Court's time by pursuing frivolous claims is a case of the pot calling the kettle black. The only objectively unreasonable conduct in this case, wasteful of the Court's time, is the filing by Defendant of a frivolous Rule 11 motion, improperly attaching hundreds of pages of documents to that motion, and now objecting to the Magistrate's thorough fourteen (14) page opinion denying NCS's motion and explaining its reasoning. This component of the litigation is the waste of time, not Plaintiff's case in chief. If Defendant's position is correct (that "Plaintiff is maintaining his suit in bad faith, knowing that his claims are without merit" Doc. 84 at 5.), then it should have no trouble proving that by means of a summary judgment motion or at trial. However, NCS instead chose to forego such a process, well established by the federal rules, and ask the Court for sanctions before even filing a motion to dismiss or motion for summary judgment.

As Magistrate Tsuchida explained:

> The Court agrees that NCS has unreasonably multiplied the proceedings in this case by asking for a dismissal on the merits of Mr. Bell's complaint through a Rule 11 motion. Counsel should know that Rule 11 is not the vehicle to obtain a judgment on the merits as it applies only to the signing of a pleading or motion and when evaluating the pleading, the Court looks objectively at the attorney's conduct at the time of signing. *Community Elec. Serv. v. National* 869 F.2d 1235, 1243 (9th Cir.), *cert. denied*, 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989). Moreover, even when a Rule 11 violation has been shown, sanctions are not automatic and are to be

compensatory rather than punitive in nature. *Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1243 (9th Cir.), *cert. denied*, 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989). Moreover, even when a Rule 11 violation has been shown, sanctions are not automatic and are to be compensatory rather than punitive in nature. [Doc. 87 at 13].

Further, NCS followed Plaintiff's Objection [Doc. 83] with a Reply [Doc. 84] which then improperly raised new allegations (and attached an additional 106 pages of unverified documents), requiring Plaintiff to respond with a Surreply refuting the five new allegations NCS brought forth only in its Reply. Doc. 86. NCS based its original motion for sanctions (and Order to dismiss all claims) *solely* on its belief in the merits of the case—that "Plaintiff's claims are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law, and are not grounded in law or fact, and therefore violate Fed. R. Civ. P. 11." [Doc. 82 at 1].

In NCS's Reply, and now in its Objection, NCS newly (and falsely) alleges that it brings a motion for sanctions because Plaintiff has "been asked numerous times to provide a basis for [his] continued efforts in this matter – with no response." Doc 84 at 4. Defendant then goes on to make arguments which belong in a motion for summary judgment, and which Magistrate Tsuchida already disregarded in his Report and Recommendation.

> [T]he Court declines to consider new arguments raised by NC[S] in its reply (attempts to settle, discovery issues, vague references to a deposition, and a conclusory and unsupported claim that the Privacy Guard credit report does not actually contain information from Trans Union, Equifax, and Experian). See Dkt. 84.

Doc. 87 at 11.

Magistrate Tsuchida's thoroughly considered Report and Recommendation accurately exposed NCS's ill-presented motion as an attempt to circumvent the norms of the federal rules. "Disagreeing on the facts and applicable law is not grounds for sanctions." Doc. 87 at 10. If there is a frivolous, non-meritorious filing in this case, it is from NCS in improperly attempting to file for summary judgment (or a motion to dismiss)

5

in the guise of a motion for sanctions, and then to triple down on the very behavior for which NCS was admonished by the Magistrate (improper extrinsic evidence, contravention of federal rules, and recklessness). Doc. 87 at 10-14.

## III. CONCLUSION

For the forgoing reasons, Defendant's objections should be overruled, the Magistrate's decision should be upheld, and Plaintiff should be awarded further attorney's fees for being forced to respond to Defendant's spurious objections.

RESPECTFULLY SUBMITTED,

DATED: November 17, 2020

        */s/Dawn M. McCraw*
        Dawn M. McCraw, WSBA #54543
        Price law Group, APC
        8245 N. 85th Way
        Scottsdale, AZ 85258
        T: (818) 600-5585
        F: (866) 683-3985
        E: dawn@pricelawgroup.com
        *Attorney for Plaintiff*
        *Donte Bell*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Jacey Gutierrez*