HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE BELL,

    Plaintiff,

v.

NATIONAL CREDIT SERVICES INC.,

    Defendants.

Case No. 2:19-cv-01727 RAJ-BAT

**ORDER**

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion for Reconsideration of Award of Attorneys' Fees and Costs to Plaintiff in Defense of Motion for Sanctions. Dkt. # 102. Plaintiff filed a response to the motion pursuant to the Court's request. Dkt. # 104. For the reasons below, the Court **DENIES** the motion.

## II.  DISCUSSION

On August 28, 2020, Defendant National Credit Services, Inc. ("Defendant" or "NCS") filed a motion for attorneys' fees, costs, and sanctions pursuant to Federal Rule

ORDER – 1

of Civil Procedure 11. Dkt. # 82. On October 14, 2020, the Honorable Brian A. Tsuchida entered a Report and Recommendation ("R&R), recommending that the Court deny the motion and that Plaintiff Donte Bell ("Plaintiff" or "Mr. Bell") be awarded his attorney fees and costs incurred in defending the motion. Dkt. # 87 at 2. Defendant timely filed objections to the R&R. Dkt. # 89. On November 20, 2020, Defendant filed a motion for summary judgment. Dkt. # 94. Judge Tsuchida entered an R&R granting Defendant's motion for summary judgment. Dkt. # 98. The Court subsequently adopted both R&Rs. Dkt. ## 99-100. Defendant then filed the pending motion for reconsideration of the order. Dkt. # 102. Plaintiff, at the Court's request, filed a response. Dkt. # 104.

Under the Local Civil Rules, "motions for reconsideration are disfavored." W.D. Wash. LCR 7(h). Such a motion will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.*

Rule 11 requires that an attorney who signs and files a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the matter is not, among other things, "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). An attorney must also certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.* As Judge Tsuchida explained in the R&R, the imposition of Rule 11 sanctions is "not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." Dkt. # 87 at 2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Judge Tsuchida ultimately

ORDER – 2

found that this was not the "rare and exceptional case" for which Rule 11 sanctions were reserved, wherein "the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 12 (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

Defendant argues that reconsideration is warranted because (1) the Privacy Guard reports were not consumer reports; and (2) Defendant was deprived of its right to be heard regarding Plaintiff's request for 28 U.S.C. § 1927 sanctions. Dkt. # 102 at 6. The Court finds that neither argument compels reconsideration.

First, the Court concludes that the findings made through subsequent litigation do not alter its initial conclusion that a Rule 11 motion was improper or that sanctions against Defendant for filing such a motion were proper—based on the facts alleged *at that time*. As Judge Tsuchida explained, "[w]hether Mr. Bell can ultimately prove that NCS failed to comply with its obligations to investigate and correct any inaccurate or complete information is a question more appropriately addressed in a motion for summary judgment . . . ." Dkt. # 87 at 2. Defendant's argument that Privacy Guard reports were not, in fact, consumer reports does not warrant reconsideration of this decision. Although the Court ultimately found that Privacy Guard was not a consumer reporting agency and did not provide consumer reports under FCRA, the Rule 11 motion was filed prior to the filing of any dispositive motions and the Court's subsequent findings. As Judge Tsuchida noted, at the time the motion was filed, there was no evidence that Plaintiff's counsel failed to conduct a reasonable inquiry and that "[d]isagreeing on the facts and applicable law is not grounds for sanctions." *Id.* at 10. Moreover, Defendant's argument only addressed one out of the three claims raised by Plaintiff.

Second, the Court finds that Defendant and its counsel were not deprived of their right to "understand the charges being made against them, fully respond, brief, and have a hearing" regarding Plaintiff's request for attorney's fees and costs under § 1927. Dkt.

ORDER – 3

# 102 at 6.  Defendant and its counsel did, in fact, have the chance to understand the charges made against them as explained in Plaintiff's response, Dkt. # 83 and in the R&R, Dkt. # 87.  Defendant and its counsel had the opportunity to fully respond in their objections to the R&R, Dkt. # 89, where they raise some of the same arguments as here. The Court need not conduct an oral hearing to provide Plaintiff a chance to be heard.  *See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue . . . [and that] [t]he opportunity to brief the issue fully satisfies due process requirements").  The Court therefore concludes that Defendant and its counsel had not been deprived of the opportunity to respond or be heard before the imposition of § 1927 sanctions.  For these reasons, the motion for reconsideration is DENIED.

However, the Court agrees that Plaintiff's requested amount for attorney's fees is "excessive."  Dkt. # 102 at 6.  In its affidavit, Plaintiff requests a total of $31,500 for 42.2 hours worked.  Dkt. # 101-1 at 2.  The Court has reviewed and tallied all of the time entries Plaintiff submitted and has calculated a total of 49.8 hours of work.  In calculating attorneys' fees, the Court relies on its own tabulation of the number of hours set forth by Plaintiff.  *Id.*  With 48.9 hours of work at a rate of $350 per hour and 0.9 hours at a rate of $150 per hour, the total amount of attorney's fees is $17,250.

The Court must next determine the reasonableness of fees.  In granting attorney's fees, "[t]he district court has a great deal of discretion in determining the reasonableness of the fee."  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  The basic standard used in determining the proper award of fees under § 1927 is the two-part "lodestar" approach.  *Mirch v. Frank*, 266 F. App'x 586, 588 (9th Cir. 2008).  The Court must first determine "the number of hours reasonably expended multiplied by a reasonable hourly rate."  *Gates*, 987 F.2d at 1397.  It may then adjust the amount based on the following factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975):

ORDER – 4

    (1) the time and labor required,
    (2) the novelty and difficulty of the questions involved,
    (3) the skill requisite to perform the legal service properly,
    (4) the preclusion of other employment by the attorney due to acceptance of the case,
    (5) the customary fee,
    (6) whether the fee is fixed or contingent,
    (7) time limitations imposed by the client or the circumstances,
    (8) the amount involved and the results obtained,
    (9) the experience, reputation, and ability of the attorneys,
    (10) the 'undesirability' of the case,
    (11) the nature and length of the professional relationship with the client, and
    (12) awards in similar cases.

Although the Court finds Plaintiff's counsel's hourly rate of $350 to be reasonable based on her experience and commensurate with local market rates, the Court finds the number of hours spent responding to Plaintiff's 9-page motion—approximately 50 hours—to be excessive. The Court finds that the first two *Kerr* factors weigh in favor of a downward adjustment of 35 percent as the issues raised in Defendant's motion for sanctions did not involve novel or difficult questions, nor complex legal issues requiring significant time and labor. Moreover, while Plaintiff succeeded in this motion, the Court granted summary judgment in favor of Defendant on all claims, based on a lack of evidence to support the claims, including the FCRA claim raised in Defendant's motion for sanctions. This justifies a further downward adjustment of ten percent. Based on these adjustments, the Court ORDERS Defendant to pay attorney's fees in the amount of $9,487.50.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER – 5

### III.   CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration of Award of Attorneys' Fees and Costs to Plaintiff in Defense of Motion for Sanctions is **DENIED**. Dkt. # 102.  Defendant is hereby **ORDERED** to pay Plaintiff's attorney's fees in the amount of $9,487.50.

DATED this 21st day of March, 2022.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6